OPINION
{¶ 1} At the heart of the dispute between these former spouses is a provision in the domestic relations court's Final Judgment and Divorce Decree regarding the disposition of the marital house. The provision gives Mary K. Marsh (Appellee) sole authority to negotiate the sale of the house and directs her former husband Eric M. Marsh (Appellant) to cooperate fully in transferring it to the buyer. He says that he never *Page 2 
agreed to this provision. But the validity of the trial court's judgment is not the issue in this appeal. The issue here is whether the trial court erred when it enforced the Divorce Decree containing this provision not after the scheduled hearing but after only the pretrial conference, which Mr. Marsh failed to attend.
 {¶ 2} The trial court issued the Final Judgment and Decree of Divorce on April 10, 2008. The judgment-order incorporates the parties' own agreement with respect to property division and the like. The provision addressing the marital residence reads, in pertinent part, "The parties agree that Plaintiff Wife shall facilitate the sale of said property at the earliest possible date, and shall have full decision making authority regarding the terms of sale regarding said property. Defendant Husband shall fully cooperate in the transfer of the property."
 {¶ 3} Mrs. Marsh successfully negotiated to sell the house, but Mr. Marsh refused to sign the paperwork necessary to complete the transfer of the house to the buyer. Mrs. Marsh filed a Motion for Contempt on May 8, 2008, asking the court to hold him in contempt or, alternatively, to order the transfer of the house without his cooperation. Mr. Marsh was served with this motion and notice of a pretrial conference scheduled for May 20, 2008, followed by a June 26 final contempt hearing.
 {¶ 4} Mr. Marsh failed to attend the pretrial conference.
 {¶ 5} The trial court entered an order the following day that divested Mr. Marsh of his title interest in the house:
 {¶ 6} "The Court finds that pursuant to the Final Judgment and Decree of Divorce filed April 10, 2008, Plaintiff, Mary K. Marsh, was ordered to facilitate the sale of the marital residence and given full decision making authority regarding the terms of *Page 3 
sale, subject to the provisions regarding division of proceeds from the sale. Defendant, Eric M. Marsh, was ordered to fully cooperate in the transfer of the property.
 {¶ 7} ". . .
 {¶ 8} "The Court finds that Defendant has failed to cooperate in the transfer of the property.
 {¶ 9} "IT IS THEREFORE ORDERED that pursuant to Rule 70 of the Ohio Rules of Civil Procedure that this Judgment Entry, along with the Final Judgment and Decree of Divorce shall divest all right, title and interest of Eric M. Marsh in the [marital residence]."
 {¶ 10} Near the end of May, Mr. Marsh filed a Rule 60(B) motion, asking for relief from the Divorce Decree. He argues there that he never agreed to the provision regarding the sale of the marital house.
 {¶ 11} The trial court pushed the full contempt hearing that was scheduled for late June back to July 24, 2008.[1] On the day of the hearing, the trial court was ready to hear arguments on the Rule 60(B) motion but was reminded by Mrs. Marsh's attorney that the contempt motion was still pending. Then Mr. Marsh's attorney reminded the court that its May 21, 2008 Rule 70 order was on appeal in this Court. Believing that it could not proceed while the order was on appeal, the court offered to set aside the Rule 70 order and hear arguments on both the contempt motion and the Rule 60(B) motion, if Mr. Marsh would dismiss his appeal. He declined. The court then put everything on hold and the hearing came to an abrupt end. *Page 4 
 {¶ 12} Mr. Marsh assigns three errors to the trial court's May 21, 2008 Rule 70 judgment-order:
 {¶ 13} "THE COURT FAILED TO GIVE MR. MARSH PROPER NOTICE OF A FULL HEARING BEING HELD ON MAY 20, 2008, BUT STILL DECIDED THE CASE WITHOUT ALL THE FACTS OR EVIDENCE AND WITHOUT A HEARING."
 {¶ 14} "THE COURT DID NOT HAVE THE AUTHORITY TO DISPOSE OF THE ISSUES AT A PRE-HEARING CONFERENCE."
 {¶ 15} "THE COURT FAILED TO FOLLOW NOTICE OF A FULL HEARING SCHEDULED ON JUNE 27, 2008, FOR THE CONTEMPT MOTION AND THE SALE OF THE MARITAL RESIDENCE."
 {¶ 16} The divorce decree stands as a valid judgment-order of the trial court. Mr. Marsh did not appeal it, did not seek to stay it, did not seek relief from it until after the trial court enforced it. The decree gives Mrs. Marsh full authority to sell the residence. The provision does not restrict her in any way-not even from selling the house for $1. The decree directs Mr. Marsh to "fully cooperate" with his former wife in transferring the marital house. (The only cooperation really needed from Mr. Marsh was his signature to transfer title.) Thus, the validity and enforceability of the decree is assumed here.
 {¶ 17} The problem is with the court's rush to enforce. The court notified Mr. Marsh that the May 20 meeting was merely a pretrial conference, which was to be followed by a full hearing. The trial court did not adequately inform him that it would decide the issue of his cooperation at this conference-that he faced possible divestiture of his interest. By failing to give him adequate notice, the trial court erred. *Page 5 
 {¶ 18} But we are unable to remedy the error. The court acted, the house sold. While the trial court perhaps should not have acted, it did and the house is now in the hands of an innocent third party. We cannot restore to Mr. Marsh his interest in the house.[2] Therefore, because this Court cannot provide a remedy to Mr. Marsh, his appeal is essentially moot.
 {¶ 19} Mr. Marsh could still find relief in the trial court with his pending Rule 60(B) motion. While the trial court can no more restore his interest in the house than we can, if he can convince the court that the Divorce Decree is wrong, it may be able to fashion some kind of monetary relief. But that is another issue for another day.
 {¶ 20} This appeal is dismissed as moot.
WOLFF, J., and GRADY, J., concur.
Copies mailed to:
Frederick W. Dressel James R. Kirkland Hon. Steven L. Hurley
[1] Mr. Marsh in his appellate briefs consistently says that the final hearing was moved to June 24, 2008. A glance at the trial court's scheduling order, however, shows that the hearing was moved to July 24.
[2] We would point out, however, that the trial court's order did not strip him of his right to half the sale amount. Counsel conceded at oral arguments that half of the proceeds were tendered to Mr. Marsh. *Page 1